UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DORINA PEDURI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:25-cv-00228-TWP-KMB |
| | ) |
| SCOTT A. MAPLES, JR., | ) |
| DYLAN BEICKMAN, | ) |
| SAMUEL OLSON, | ) |
| KRISTI NOEM, | ) |
| PAMELA BONDI, | ) |
| ANTHONY MILLS, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Dorina Peduri's ("Ms. Peduri") Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief. (Dkt. 1). Ms. Peduri is detained at the Clark County Jail under the authority of U.S. Immigration and Customs Enforcement ("ICE"). She petitions for a writ of habeas corpus on grounds that her detention is unlawful. Because Ms. Peduri is subject to final order of removal, and because the Respondents have not demonstrated that her removal is reasonably foreseeable, the petition is granted.

**I.     FACTUAL BACKGROUND**

Ms. Peduri's birth certificate indicates she was born in 1988 in the Soviet Socialist Republic of Moldova, now the Republic of Moldova, although Moldova does not have a record of her and does not recognize her as a Moldovan citizen. (Dkt. 1 at 2). Fleeing religious persecution in Moldova, at six years of age, she entered the United States as a refugee with her family in 1995. *Id*. at 5. Shortly thereafter, she obtained lawful permanent resident status. *Id*. In 2012, Ms. Peduri was convicted of one count of statutory rape without force and one count of child molestation. *Id*.

at 5-6. Sentenced to twenty years, fifteen of which were to be served in prison, Ms. Peduri was released on parole after serving eight years. *Id*. at 6. She entered ICE custody for the first time on December 4, 2019. (Dkt. 1-1 at 4). The Department of Homeland Security placed her in removal proceedings following her conviction, and her order of removal became final on January 3, 2020. (Dkt. 1 at 7). During the government's first attempt to remove Ms. Peduri, the Moldovan government confirmed that it could not locate any records confirming her Moldovan citizenship. *Id*. at 8. After eighteen months in ICE custody, Ms. Peduri was granted a writ of habeas corpus and released on July 7, 2021. ICE again detained Ms. Peduri on April 7, 2025, and she has since been in the government's custody. *Id*. Since April 7, 2025 the Enforcement and Removal Division in Chicago has been working with Headquarters Removal Management Division to obtain travel documents to remove Ms. Peduri to Moldova or to locate an acceptable third country to remove her. (Dkt. 14-2 at 2). Cumulatively, Ms. Peduri has been in ICE custody for nearly two years.

Ms. Peduri has no identifiable citizenship, and a Moldovan attorney has opined that she is unlikely to attain Moldovan citizenship. (Dkt. 1-3 at 2-3). Moldova does not grant birthright citizenship, "particularly if the person was not properly documented at birth." *Id*. at 3. Naturalization of non-citizens requires "legal and continuous residence in the country for a minimum of 10 years," examination on knowledge of Romanian, and submission of a criminal record certificate, amongst other items. *Id*. at 2. Ms. Peduri does not speak Romanian, has not resided in Moldova in almost twenty years, and would be rejected for naturalization based on her criminal record. *Id*.; (Dkt. 1 at 9).

## II. LEGAL BACKGROUND

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ms.

Peduri seeks release from ICE custody on grounds that her detention violates the Fifth Amendment's due-process protections and 28 U.S.C. § 1231, which directs the Attorney General to detain an alien ordered removed from the country for an initial removal period and grants the Attorney General discretion to detain the alien under certain circumstances thereafter.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). An alien "may be detained beyond the removal period" only in three limited circumstances. 8 U.S.C. § 1231(a)(6). Ms. Peduri does not dispute that she is subject to a final removal order. She maintains that the 90-day removal period has expired and that she is subject to discretionary detention under § 1231(a)(6).

Although § 1231(a)(6) grants the Attorney General discretion over post-removal period detention, that discretion is limited by the Fifth Amendment's due process clause. *Zadvydas v. Davis*, 533 U.S. 678, 690–96 (2001). In *Zadvydas*, the Supreme Court found that Congress granted the Attorney General authority to detain aliens under § 1231 for the express purpose of facilitating their removal. *Id.* at 697. Accordingly, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

A court faced with a habeas petition like this one "must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.* If not, "the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. The government may remove aliens subject to final removal orders, and it may detain them to facilitate removal, but it may not detain them indefinitely with no end in sight.

*Zadvydas* and the relevant regulations do not address whether the six-month presumptive reasonability period is cumulative across periods of detention or whether the period restarts upon each instance of detention. But "[m]ost courts to consider the issue have concluded that the

*Zadvydas* period is cumulative, motivated by a concern that the federal government could otherwise detain aliens indefinitely by continuously releasing and re-detaining them." *Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (collecting cases).

Re-detention of an alien previously detained for the purposes of final removal is permitted when, "on account of changed circumstances, [the government] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). The regulations indicate that, upon revocation of supervised release, it is the government's burden to show a significant likelihood that the alien may be removed. Other cases have indicated the same upon revocation of release. *See Nguyen v. Hyde*, No. 25-cv-11470, 2025 WL 1725791 (D. Mass. June 20, 2025) (finding *Zadvydas* 6-month presumption not applicable where alien is "re-detained" after having been on supervised release and that respondents failed to meet their burden to show a substantial likelihood of removal is now reasonably foreseeable).

"The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision." *See Khan v. Gonzales*, 481 F. Supp. 2d 638, 643 (W.D. Tex. 2006) (granting habeas petitioner's *Zadvydas* claim and ordering he be released subject to an order of supervision); *Gomez Barco v. Witte*, No. 6:20-CV-00497, 2020 WL 7393786, at *1 (W.D. La. Dec. 16, 2020) (same).

### III. ANALYSIS

Ms. Peduri argues principally that her detention violates the Constitution and laws of the United States because her removal is not reasonably foreseeable, as § 1231(a)(6), the Fifth Amendment, and *Zadvydas* would require. (Dkt. 1 at 11-15). Respondents assert that her removal is reasonably foreseeable because "[t]he Enforcement and Removal Division in Chicago is

4

working with Headquarters Removal Management Division to obtain travel documents to remove Ms. Peduri to Moldova or to locate an acceptable third country to remove Ms. Peduri. (Dkt. 14 at 2; Dkt. 14-2 at 2). Respondents also argue that it is Ms. Peduri's burden to show no significant likelihood of removal. (Dkt. 14 at 4).

With respect to the burden of proof, as discussed above, Respondents are mistaken. The regulations permit re-detention for final removal when the government determines there has been a change in circumstances that creates a significant likelihood of removal in the near future. 8 C.F.R. § 241.13(i)(2). Respondents have not offered any evidence of changed conditions, or any conditions at all, that would lead the Court to believe removal in the near future is likely.

Even were the Court to accept Respondents' argument that Ms. Peduri bears the burden of demonstrating removal is not likely in the near future, she has more than met that burden. After nearly two years of ICE detention, Ms. Peduri remains without travel documents or even identification of a country that might accept her. The government has not responded to Ms. Peduri's showing that she is not a Moldovan citizen or likely to acquire Moldovan citizenship, nor has it provided evidence of any material change in the likelihood of Ms. Peduri's removal since she was granted a writ of habeas corpus in 2021.

## IV.     CONCLUSION

Ms. Peduri has been subject to ICE detention for nearly 24 months in two prior failed attempts to remove her. Respondents have provided no reason to believe that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future. Accordingly, Ms. Peduri's Petition for Writ of Habeas Corpus, Dkt. [1], is **GRANTED.** Respondents have **48 hours to certify** that Ms. Peduri has been released from detention.

Ms. Peduri's request for attorney's fees and costs under the Equal Access to Justice Act, 8 U.S.C. § 2412, and on any other basis justified under law, *see* (Dkt. 1 at 15), must be presented in a proper motion under Federal rule of Civil Procedure 54(d) and Local Rule 54-1. Any such motion and accompanying brief should be filed **within 14 days** of the date of this Order. Thereafter, Respondents will have **14 days** to respond.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 12/11/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record